IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01062-PAB-KMT

LARRY LOVETT, SR., and
DIANA LOVETT,

    Plaintiffs,

v.

UNITED RESOURCE SYSTEMS, INC.,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on defendant's unopposed motion to set aside [Docket No. 16] the Clerk of the Court's entry of default [Docket No. 14].

    The Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). In determining whether to vacate the entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, *3 (10th Cir. Aug. 29, 1995) (unpublished opinion) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each of these three factors and may consider other factors in its discretion. *Id.* Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988)

(noting that "default judgments are not favored by courts"). It is, however, within this Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency. *Gomes*, 420 F.2d at 1366.

Applying these considerations to the present circumstances, the Court will set aside the entry of default. Although defendant is culpable for failing to file a timely answer, this alone is insufficient to maintain the entry of default against it under the circumstances. *Bollacker v. Oxford Collection Agency, Inc.*, 2007 WL 3274435, at *3 (D. Colo. Nov. 5, 2007) ("Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits.") (citing *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)). Defendant entered an appearance shortly after the entry of default and has explained the circumstances leading to its error. Furthermore, plaintiffs, who do not oppose the motion, apparently neither believe they will be prejudiced by setting aside the default nor deny that defendant may have meritorious defenses.

For the foregoing reasons, it is

**ORDERED** that defendant's unopposed motion to set aside the entry of default [Docket No. 16] is GRANTED. The entry of default [Docket No. 14] is set aside.

DATED July 28, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge